1

2

3

4

5

6

7          IN THE UNITED STATES DISTRICT COURT

8          FOR THE EASTERN DISTRICT OF CALIFORNIA

9    KWANZA GREEN,

10            Plaintiff,                          No. CIV S-10-0242 MCE EFB PS

11        vs.

12   ALLIANCE TITLE; CMG MORTGAGE,
     INC.; SELECT PORTFOLIO SERVICING,
13   INC.; NATIONAL DEFAULT SERVICING,
     CORP.; and DOES 1 through 100, inclusive,
14                                               ORDER AND
             Defendants.                         FINDINGS AND RECOMMENDATIONS
15   _____/

16        This case is before the undersigned pursuant to Eastern District of California Local Rule

17   302(c)(21).  *See* 28 U.S.C. § 636(b)(1).  Defendant Select Portfolio Servicing, Inc. ("SPS") and

18   National Default Servicing Corp. ("NDSC") removed the action pursuant from Solano County

19   Superior Court on January 29, 2010 on the basis of federal question jurisdiction.  Dckt. No. 1

20   (citing 28 U.S.C. §§ 1441(b), 1446(b), and 1331).  Thereafter, defendant SPS moved to dismiss

21   plaintiff's complaint and to expunge a lis pendens recorded by or on behalf of plaintiff, Dckt.

22   Nos. 9, 16; plaintiff moved to remand the action to state court and to amend the complaint, Dckt.

23   Nos. 19, 28, 44, and 46; and defendant CMG Mortgage Inc. ("CMG") moved to dismiss

24   plaintiff's complaint, Dckt. No. 26.

25        On September 2, 2010, the undersigned issued an order and findings and

26   recommendations, denying plaintiff's motion to remand and recommending that defendants SMS

1

1   and CMG's motions to dismiss be granted, that plaintiff's complaint be dismissed with leave to

2   amend, that plaintiff's motions to amend and for joinder be granted in part and denied in part,

3   and that SPS's motion to expunge the lis pendens be denied without prejudice.  Dckt. No. 52.

4   On September 27, 2010, the district judge adopted the September 2, 2010 findings and

5   recommendations in full, and gave plaintiff thirty days to file an amended complaint.  Dckt. No.

6   53.

7           On October 25, 2010, plaintiff timely filed a first amended complaint, Dckt. No. 54, and

8   a motion to remand the action to state court, Dckt. Nos. 55 and 59.  Plaintiff contends that the

9   case should be remanded because the "amended complaint does not involve any federal

10  questions on its face" and therefore this court lacks subject matter jurisdiction.  *Id.*

11          Defendants CMG, SPS, NDSC, Mortgage Electronic Registration Systems ("MERS"),

12  and U.S. Bank National Association ("U.S. Bank") all oppose plaintiff's motion to remand,

13  Dckt. Nos. 62 and 66, and have moved to dismiss plaintiff's first amended complaint, Dckt. Nos.

14  60 and 64.  Defendants SPS, NDSC, MERS, and U.S. Bank have also filed a motion to expunge

15  a Notice of Pendency of Action ("Lis Pendens") recorded by plaintiff on December 28, 2009,

16  and a request for attorney's fees.  Dckt. No. 67.

17          In opposition to plaintiff's motion to remand, defendants contend that plaintiff has still

18  pleaded relief under federal law because plaintiff asserts that in assigning the deed of trust the

19  defendants violated the Real Estate Mortgage Investment Conduit, which is defined by the

20  Internal Revenue Code, 26 U.S.C. § 860D.  Dckt. No. 60 at 2 (citing Pl.'s First Am. Compl.,

21  ¶¶ 44-54).  Defendants also contend that federal claims existed at the time of removal and a later

22  amendment deleting all federal claims does not affect the court's subject matter jurisdiction,

23  even if only state law claims remain.  *Id.*  Finally, defendants contend that "[w]hile this Court

24  has the discretion to stop exercising jurisdiction over this matter, the equities argue in favor of

25  continued federal jurisdiction."  *Id.*  Defendants argue that this case was filed on December 17,

26  2009 and has been in federal court since January 29, 2010; that nothing has happened in state

2

court in connection with the lawsuit; and that this court "has ruled on numerous motions and has a familiarity with the issues and the case that would be wasted if the matter were remanded back to state Court." *Id.*

The propriety of removal jurisdiction is determined at the time of removal. *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939). Thus, although plaintiff argues that she has dismissed her federal claims in the first amended complaint, that dismissal does not divest this court of subject matter jurisdiction for purposes of removal jurisdiction. If a claim "arising under" federal law existed at the time of removal, the federal court has jurisdiction even though the federal claim has been dropped from the case and only state law claims remain. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343 (1988); *Nishimoto v. Federman–Bachrach & Assocs.*, 903 F.2d 709, 715 (9th Cir. 1990). Here, because the complaint in effect at the time of defendants' removal contained federal claims, this court does not lack subject matter jurisdiction. Therefore, "plaintiff[] cannot compel remand by amending [her] complaint to eliminate the federal claims which provided the basis for removal." *Moyles*, 2005 WL 1561519, at *3 (citing *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998)).

Nonetheless, once all federal claims are eliminated from an action, federal courts have discretion to remand the remaining state law claims. *Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991). In order to make the remand determination, a court should consider factors such as judicial economy, convenience, fairness, comity, and forum manipulation. *Carnegie-Mellon Univ.*, 484 U.S. at 357. Based on these factors, "it is generally preferable for a district court to remand remaining pendent claims to state court." *Harrell*, 934 F.2d at 205.

Applying the remand factors to the present case, the undersigned will recommend remanding this case to state court. Plaintiff's first amended complaint eliminates all federal claims for relief. Although defendants contend that plaintiff has still pleaded relief under federal law since plaintiff claims that in assigning the deed of trust defendants violated the Real Estate Mortgage Investment Conduit ("REMIC"), a review of plaintiff's first amended complaint

3

reveals that plaintiff does not state a claim or seek relief under REMIC.  Rather, plaintiff addresses REMIC in the context of plaintiff's state law fraud claim.  Among other allegations of fraud, plaintiff alleges that SPS "committed fraud by collecting mortgage payments between 2006 and 2009 for an undocumented lender which made the mortgage unqualified to be excepted as a REMIC which makes the Trust 100% tax liable."  Dckt. No. 54, First Am. Compl., ¶ 44.  Although defendants argue that "[p]laintiff seems to be claiming that since REMIC was violated, defendants did not pay taxes otherwise due," plaintiff's allegation that defendants cannot "maintain [a] tax free REMIC status," *id.* ¶ 45, is not the basis for plaintiff's state law fraud claim.

Further, although this court previously addressed defendants' initial motions to dismiss, the state court is equally competent to hear this case and is more familiar with the law of its own forum.  *Moyles*, 2005 WL 1561519, at *3.  Additionally, the state and federal fora are located less than fifty miles from one another, making them evenly convenient to the parties, and "there is no reason to doubt that a state forum will provide an equally fair adjudication of the matter as this court."  *Id.* at *4.

Finally, there is no reason to believe that plaintiff is engaging in manipulative pleading practices.  Even though his first amended complaint seeks to avoid federal jurisdiction and to obtain remand, there is no indication that plaintiff is seeking to do so in bad faith.  The Ninth Circuit has specifically stated that "[a] plaintiff is entitled to file both state and federal causes of action in state court" then "settle certain claims or dismiss them with leave of the court" upon removal.  *Baddie v. Berkeley Farms, Inc.*, 64 F.3d 487, 490 (9th Cir. 1995).  According to the *Baddie* court, "such practice is not manipulative and need not be discouraged unless there is reason to believe that the inclusion of the federal claims was to put the defendants through the removal-remand procedure."  *Moyles*, 2005 WL 1561519, at *2 (citing *Baddie*, 64 F.3d at 490-91); *see also Gilmore v. Bank of New York*, 2009 WL 2031736, at *3 (S.D. Cal. July 9, 2009).  Here, there is nothing in the record to indicate that plaintiff intentionally included the

4

federal claims in her original complaint and then deleted them from the first amended complaint

in order to put defendants through that procedure.

Therefore, this case should be remanded to Solano County Superior Court and,

accordingly, defendants' motions to dismiss and motion to strike should be denied as moot. *See*

*Moyles*, 2005 WL 1561519; *Mendoza v. Bank of America*, 2009 WL 1110816, at *2 (N.D. Cal.

Apr. 24, 2009) ("Plaintiff's Amended Complaint does not contain any federal claims.  In fact, all

fourteen causes of action are state statutory or common law claims.  There is no clear evidence

that Plaintiff removed her federal claims solely to divest the Court of its subject matter

jurisdiction.  Thus, the Court finds that this action should be remanded to the state court.");

*Sabbagh v. Ohana Group, LLC*, 2006 WL 2254481, at *2 (W.D. Wash. Aug. 7, 2006); *Gilmore*,

2009 WL 2031736, at *3 ("In light of the Court's decision to remand this case to state court,

Defendants' motion and request for judicial notice are denied as moot.").

Accordingly, IT IS HEREBY ORDERED that the hearing date of December 8, 2010 on

plaintiff's motion to remand, and the hearing dates of December 15, 2010 and January 5, 2011

on defendants' motions to dismiss, Dckt. Nos. 60 and 64, are vacated.

It is FURTHER RECOMMENDED that:

1.  Plaintiff's motion to remand, Dckt. No. 59, be granted;

2.  This action be remanded to Solano County Superior Court; and

3.  Defendants' motions to dismiss, Dckt. Nos. 60 and 64, and defendants' motion to

strike the lis pendens, Dckt. No. 67, be denied without prejudice to them being re-filed in the

state court action.

These findings and recommendations are submitted to the United States District Judge

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties.  Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

1    within the specified time may waive the right to appeal the District Court's order. *Turner v.*

2    *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

3    DATED:  December 3, 2010.

4

5                              EDMUND F. BRENNAN
                             UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26